BALCHEN v. CRAWFORD and the PUBLIC ADMINISTRATOR.

In an interpleader suit, where it appears by the answer of each defendant, that he claimed the fund in dispute from the complainant, no other evidence of that fact need be produced, to entitle the complainant to a decree.

The contest being one of equitable cognizance, the parties were directed to interplead in the Court of Chancery, and to proceed by bill.

March 5 ; March 30, 1844.

ON the 18th of March, 1843, in pursuance of a previous contract, R. S. Hartshorne conveyed to the complainant, Balchen, certain real estate ; and Balchen thereupon executed to Hartshorne a covenant to pay him $3750 on the 5th of April following, if the title conveyed turned out on examination, to be valid and unincumbered.

Balchen became satisfied on these points, and was ready to pay ; but on the 3d of April, was formally notified by persons interested in the estate of Isaac Morris deceased, that the proceeds of the land equitably belonged to Morris.

On the 28th of March, 1843, Hartshorne assigned Balchen's covenant to James P. Crawford, who, on the 5th of April, demanded payment of Balchen.

Mr. Edgar Ketchum, the Public Administrator in the city of New-York, having taken out letters of administration on the estate of Morris, formally claimed the amount from Balchen on the 13th of April.   On the 15th of April, Crawford made a like claim, and threatened a suit at law upon the covenant.  Each claimant was apprised of the other's proceedings, and of Balchen's readiness to pay to the rightful owner.

Neither claimant being disposed to yield, Balchen, on the 19th of April, filed a bill of interpleader against Crawford and the Public Administrator, and paid into court the money due upon his covenant.

Mr. W. Minott Mitchell succeeded Mr. Ketchum as Public Administrator, and was made a party by a supplemental bill.

The defendants answered, and replications were filed.

*N. D. Ellingwood,* for the complainant.

*D. Graham,* for Crawford.

*A. Crist,* for the Public Administrator.

THE ASSISTANT VICE-CHANCELLOR.—There is no doubt but that the case made by the bill is a proper case for inter-pleading the parties. The complainant was ready to pay the money to the person entitled. He was forbidden by each defendant to pay it to the other. One defendant claimed it exclusively as the assignee of the complainant's covenant ; the other claimed it entire, as funds of the estate which he repre-sented, and denied the right of his co-defendant.

The only difficulty which I felt at the hearing, was in regard to the necessity in an interpleading suit, of proving against one defendant, the fact that the other claimed the fund in dispute, otherwise than by the answer of the latter.

In this case, Crawford does not admit that the public admin-istrator has made any such claim upon the complainant as is charged in the bill ; and he insists that on the issue in this cause, proof of that fact must be made in the same manner that any other material fact must be proved when put in issue in an ordinary suit in this court.

The general rule is well established, that the answer of one defendant cannot be read in evidence against another defendant. There are, however, many exceptions to the rule. Thus, where one defendant succeeds to the rights of another, the answer of the latter while holding those rights, is admissible. So where a principal refers to his agent as to the truth of the matters charged, and the latter being a co-defendant, admits them to be true. Cases of conspiracy form another exception, where the conspiracy is established *aliunde.* And generally, in all cases where the admissions of one defendant would be good evidence against another, the answer of the one may be read.

In an interpleader suit, the complainant's office is widely

different from that of a complainant in an ordinary suit in equity, seeking to avoid a liability, or to enforce some right against the defendant. Here the complainant comes into court with the money in his hand, to discharge an acknowledged debt, which he is prevented by conflicting claims, from paying to either of the claimants, with safety to himself. His duty appears to be at an end, when he has brought the rival claimants to interplead by filing their answers, and putting the suit at issue. It is true, he must show by his bill, that each of the parties claims a right. Else he makes out no case. But that is his whole case ; and when the court sees by the respective answers, that each defendant has made such claim, I can perceive no well grounded reason for putting the complainant to other proof of that fact, against the opposing defendants respectively. That proof, if made by testimony, would consist almost entirely, of the declarations and admissions of the respective defendants. Proof which in almost any other case, would be inadmissible against parties other than those making the declarations. It comes directly within one of the exceptions which I mentioned, when speaking of the general rule as to reading the answer of one defendant in evidence against his co-defendant. As the admissions of the one defendant in relation to his claim upon the fund, are good evidence against his rival claimant to show that such claim was made, so must his answer stating the same fact, be equally good evidence to that effect.

I find no direct authority upon the question. The case of *Bowyer* v. *Pritchard and others*, (11 Price's R. 103, 110,) was on a motion to dissolve an injunction, but it is analogous in principle to this case, because it was not a motion on which the answers of other parties could be read as affidavits. There the complainant proposed to read from the answers of the other defendants in an interpleading suit, against the motion of the one defendant to dissolve the injunction. This was objected to, but the court allowed it, saying that it being an interpleading bill, it was competent for the plaintiffs to read passages out of any of the answers against either of the defendants."(*a*)

---

(*a*)[See *Green* v. *Pledger*, (3 Hare's R. 165.)

For the general principles which I have stated, see 2 Story's Eq. 110, &c., 2 Hoff. Ch. Pr. 104; *Osborn* v. *Bank of the United States*, (9 Wheat. 738, 1 Gallison's R. 630.)

In this case the complainant has brought the money into court, and placed the defendants in a suitable position to contest their claims to the fund. Their answers show that each laid claim to it in the complainant's hands, so that he could not safely pay it to either. This entitles him to all the relief which he seeks, a discharge from both.

There must be a decree directing the defendants to interplead, and discharging the complainant. His costs are to be paid out of the fund. All further directions as to costs are to be reserved.

As the contest is apparently one of equitable cognizance, the parties may interplead in this court. The Public Administrator should hold the affirmative, and he may make such parties as he may be advised. In *Angell* v. *Hadden*, (12 Ves. 202,) a reference was decreed; but I think a bill is more suitable in this case. (See also, Seaton on Decrees, 338.)

Decree accordingly.